```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION
```

MIGLENA ANGEL,                          §
                                        §
              Plaintiff,                §
                                        § Civil Action No. 3:04-CV-1498-D
VS.                                     §
                                        §
THE BOEING COMPANY RETIREE              §
HEALTH AND WELFARE BENEFIT              §
PLAN,                                   §
                                        §
              Defendant.                §

## MEMORANDUM OPINION AND ORDER

Plaintiff Miglena Angel ("Angel") sued defendant The Boeing Company Retiree Health and Welfare Benefit Plan ("the Plan") to recover medical benefits under § 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), from defendant The Boeing Company Retiree Health and Welfare Benefit Plan ("the Plan"), alleging that the Plan Administrator abused its discretion in denying her claim for expenses incurred for surgery to her temporomandibular joints ("TMJs"). Deciding the case on the parties' written submissions and the administrative record, the court concluded that the Plan Administrator did not abuse its discretion in denying benefits, and it entered judgment in favor of the Plan. The Plan now moves for an award of attorney's fees. For the reasons that follow,[1] the

---

[1] The court sets out in this memorandum opinion and order its findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a).

court denies the Plan's motion.

I

The relevant factual findings and procedural history of this case are set out in the court's memorandum opinion on the merits and need not be repeated. *See Angel v. Boeing Co. Retiree Health & Welfare Benefit Plan*, 2006 WL 929364, at *1-*3 (N.D. Tex. Apr. 11) (Fitzwater, J.), *appeal docketed*, No. 06-10540 (5th Cir. May 22, 2006). The court adopts that decision in full in addressing the attorney's fees motion and presumes the parties' familiarity with that ruling.

After the court decided the case, the Plan filed on April 24, 2006 a motion for attorney's fees, in which it seeks an award of $40,856.00 based on 125.9 hours of attorney time and no adjustment to the lodestar. Angel's response to the motion was due May 15, 2006. She has not responded, and the motion is ripe for determination.

II

"In an ERISA action, the court in its discretion may allow reasonable attorney's fees to either party." *UNUM Life Ins. Co. of Am. v. Brandon*, 2000 WL 175363, at *2 (N.D. Tex. Feb. 14, 2000) (Fitzwater, J.) (citing 29 U.S.C. § 1132(g)(1); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.,* 97 F.3d 822, 832 (5th Cir. 1996)). In exercising this discretion, the court performs a two-part analysis: it determines whether the party is entitled to

an award of attorney's fees in light of the relevant factors, and, if it is, the court calculates the proper amount of the award. *Id.* (citing *Todd v. AIG Life Ins. Co.,* 47 F.3d 1448, 1459 (5th Cir. 1995)).

The court weighs five so-called *Bowen* factors in determining whether a party is entitled to attorney's fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to pay the fees; (3) whether an award of attorney's fees would deter other persons who will be acting under similar circumstances; (4) whether the party seeking attorney's fees sought to benefit all ERISA participants or beneficiaries or to resolve a significant legal issue; and (5) the relative merits of the parties' positions.

*Id.* (citing *Pitts v. Am. Sec. Life Ins. Co.,* 931 F.2d 351, 358 (5th Cir. 1991); *Iron Workers Local # 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir. 1980)). "No single factor is necessarily decisive, and some factors may be inapplicable to a specific case, 'but together they are the nuclei of concerns that a court should address in applying' ERISA." *Id.* (quoting *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 821 (5th Cir. 1997)).

III

A

The court considers first Angel's degree of culpability or bad faith.

"A party's conduct may rise to the level of bad faith for egregious conduct, such as the pursuit of frivolous claims . . . ."

- 3 -

*Id.* (citing *Freedman v. Texaco Marine Servs., Inc.*, 882 F. Supp. 580, 584-585 (E.D. Tex. 1995) (holding that defendant's "indefensible" interpretation of plan could possibly constitute bad faith)). But "[a] party may still be culpable for conduct that does not rise to the level of bad faith." *Id.* (citing *Dial v. NFL Player Supp. Disability Plan*, 174 F.3d 606, 614 (5th Cir. 1999) ("[A]lthough the Court stops short of accusing [defendant] of acting in bad faith, [defendant] is clearly responsible for its erroneous interpretation that was in direct conflict with the plain meaning of the settlement agreement."); *Wegner,* 129 F.3d at 821 (affirming district court's holding that, although not bad faith, defendant's frivolous justification weighed in favor of awarding attorney's fees); *Tex. Commerce Bancshares v. Barnes,* 798 F. Supp. 1286, 1289 (W.D. Tex. 1992) (finding that "though not necessarily bad faith," defendants' culpability for actions was significant).

   The court's merits opinion explains at length and in detail why Angel's claim lacked merit. The court does not find, however, as it did in *Unum*, 2000 WL 175363, at *3, that Angel's claim was entirely baseless. Angel relied on the conclusion of a district court in this circuit that had concluded that a plan administrator abused its discretion in denying coverage for TMJ-related surgeries. *See Combe v. La Madeleine, Inc.*, 2002 WL 31496373, at *7 (E.D. La. Nov. 6, 2002). As explained in the merits opinion, the language of the ERISA plan at issue in *Combe* differed

dispositively from the language of the limitation on coverage in the instant case. But unlike the plaintiff in *Unum* who relied on no or inapposite authority—e.g., theories about which the Fifth Circuit had explicitly expressed serious doubts—Angel at least pointed to authority that superficially provided direct support for her position. *Cf. Unum Life Ins. Co of Am. v. Brandon*, 1999 WL 956874, at *2-*3 (N.D. Tex. Oct. 18, 1999) (Fitzwater, J.). Moreover, although Angel's claim was not grounded on sound legal arguments, the Plan does not contend, and the court cannot find, that Angel brought this lawsuit in bad faith or to harass or vex the Plan. Accordingly, the first factor weighs against an award of attorney's fees.

B

Under the second factor, the court must take into account Angel's ability to pay the fees.

The Plan maintains in its motion that "the circumstances of Angel's claim hint she has the ability to pay the Plan's fees," and it sets out its reasoning for advancing this assertion. D. Br. 4. Angel has not responded to the Plan's motion, and there is no record evidence concerning whether she has the ability to pay a fee award.

This court has previously relied on circumstantial proof to find that an ERISA claimant could not pay attorney's fees, if awarded. *See UNUM*, 2000 WL 175363, at *3 (finding circumstantial

proof of inability to pay where claimant was disabled under both policy's and social security definitions of disability).  Here, there is circumstantial evidence that Angel can.  She has been represented by two different attorneys during the administrative process and in this court, respectively.  The proceedings in each have been somewhat extensive.  The court finds that this factor is at least neutral——i.e., it does not support denying a fee award——or supports awarding attorney's fees to the Plan.

C

Under the third factor, the court considers whether an award of attorney's fees would deter other persons who will be acting under similar circumstances.

The Plan argues on two separate grounds that a fee award would serve as a deterrent: first, it would deter others from acting under similar circumstances, and, second, it would deter Angel, who may pursue additional surgery to her TMJs.  The Plan argues that it is a self-funded plan that has spent multiple thousands of dollars to defend a lifetime plan limitation of $3,500 for expenses for the treatment of TMJ dysfunction, and that deterrence is more important when expenses directly impact its affordability, availability, and scope.

The third factor of the five-part test "is related to the bad faith component."  *Unum*, 2000 WL 175363, at *3.  "Where there is no finding of bad faith or culpability, this factor carries less force

because there is no behavior that the court seeks to deter." *Id.* (citing *Johnson v. Harvey*, 1998 WL 781590, at *2 (E.D. La. Nov. 10, 1998) (factor not significant concern where there has been no adjudication proscribing conduct to be deterred in future); *Hixson v. Liberty Corp.*, 964 F. Supp. 218, 227 (W.D. La. 1997) ("Because this court does not find bad faith on the part of the defendant, an award of fees would not serve to deter future negative conduct."); *Boggs v. Boggs,* 1997 WL 627599, at *1 (E.D. La. Oct. 10, 1997) (deterrence factor related to bad faith factor)).  Although the Plan's arguments have superficial appeal, the court rejects them because it has found that Angel's claim was not brought in bad faith.

     The court also recognizes that awarding fees against Angel, who did not bring this suit in bad faith and on entirely meritless grounds, may have the effect of deterring individuals from attempting to enforce even meritorious ERISA claims against insurers.  By contrast, in cases such as *Unum*, awarding fees against plan participants who refuse to repay an ERISA plan for benefits that indisputably have been overpaid serves to deter them from refusing to honor their agreement to refund overpayments.  *See id.* at *3; *see also Buchanan v. Reliance Std. Life Ins. Co.,* 1998 WL 513012, at *2-*3 (D. Kan. July 6, 1998) (citing *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720 (7th Cir. 1981), and discussing deterrence generally where successful defendant-insurer seeks to

recover attorney's fees from plaintiff-insured under ERISA). This factor weighs against an award of attorney's fees

D

The court assesses fourth whether the party seeking attorney's fees sought to benefit all ERISA participants or beneficiaries or to resolve a significant legal issue. Neither Angel nor the Plan sought to benefit all ERISA participants or beneficiaries. This court did not resolve any significant legal issues in this case. This factor weighs against an award of fees.

E

Under the fifth factor, the court considers the relative merits of the parties' positions. *Unum*, 2000 WL 175363, at *3 (citing *Sunbeam-Oster Co. Group Benefits Plan v. Whitehurst*, 102 F.3d 1368, 1378 (5th Cir. 1996) (affirming denial of award where relative merits of parties' positions "not overwhelmingly stacked" on one side); *Izzarelli v. Rexene Prods. Co.,* 24 F.3d 1506, 1526 (5th Cir. 1994) (holding that where party's claim not groundless, fifth factor does not support fee award); *Pitts,* 931 F.2d at 358 (affirming denial of fees where there was "some merit to each party's position").

In this case, although Angel's claim clearly lacked merit, the court does not find that it was frivolous or entirely baseless. *See supra* § III(A). This factor thus weighs against awarding the Plan its attorney's fees.

- 8 -

F

The court now assesses the factors *in toto* and concludes in the exercise of its discretion that the Plan should not recover its attorney's fees from Angel. It is clear that a prevailing party in an ERISA case is not automatically entitled to an award of attorney's fees. *See, e.g., Martin v. Blue Cross & Blue Shield of Va., Inc.*, 115 F.3d 1201, 1209 (4th Cir. 1997) (observing that there is no presumption in favor of awarding attorney's fees to prevailing party under ERISA); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1010 (3d Cir. 1992) (observing that attorney's fees under ERISA not automatic). Indeed, in *Gibbs v. Gibbs,* 210 F.3d 491, 503 (5th Cir. 2000), the Fifth Circuit held that, in some instances, a non-prevailing party may obtain an award of attorney's fees in an ERISA action.

At least four of the five *Bowen* factors weigh against an award of attorney's fees. This is a case where the plaintiff did not prosecute a bad-faith claim, and, although her arguments lacked a sound basis, they were not completely meritless. Moreover, this is neither a case in which awarding attorney's fees would serve as a salutary deterrent to conduct that should be uniformly discouraged nor is it one that will have an impact beyond the parties. And although not binding on this court, at least the Seventh Circuit has indicated that "in the absence of bad faith the . . . Circuit's guidance is conservative on imposing fees against an individual

beneficiary, even where the merits are borderline frivolous." *Admin. Comm. of Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco*, 2004 WL 1510028, at *3 (N.D. Ill. July 2, 2004)(relying on, *inter alia*, *Meredith v. Navistar Int'l Transp. Corp.*, 935 F.2d 124, 128 (7th Cir. 1991); *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 830 (7th Cir. 1984)).  The court thus declines to award the Plan attorney's fees pursuant to § 1132(g)(1).

\* \* \*

For the reasons explained above, the court denies the Plan's April 24, 2006 motion for attorney's fees.

**SO ORDERED.**

June 8, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE